RECEIVED FORM FOR USE IN APPLICATIONS
FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

2009 JUN 11 A 10: 29

Name: Randy Allen Sasser

Prison Number: 151825

Place of Confinement: Easterling Correctional Facility
200 Wallace Road   Clio, AL 36017-2615

United States District Court **Middle** District of **Alabama**

Case No. **2:09-CV-551-WHA-WC**
(To be supplied by Clerk of U. S. District Court)

**Randy Allen Sasser**, PETITIONER
(Full name) (Include name under which you were convicted)

**Richard Allen, Commisioner ALDOC**, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF **Alabama**

_____, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgment which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

.(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8-1/2 x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8-1/2 x 11 inch paper

(2) Additional pages are not permitted except with respect to the _facts_ which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the _form of_ a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed _in forma pauperis_, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed _in forma pauperis_, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and two copies* must be mailed to the Clerk of the United States District Court whose address is
P. O. Box 711, Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

*If you are proceeding in forma pauperis, only the original petition needs to be filed with the Court.

PETITION

1. Name and location of court which entered the judgment of conviction under attack **Houston County Circuit Court, Dothan AL**
2. Date of judgment of conviction **20th day of June, 2007**
3. Length of sentence **15 years** Sentencing Judge **Denny L. Holloway**
4. Nature of offense or offenses for which you were convicted: **Escape in the 3rd degree ALA code 1975 § 13A-10-33**

5. What was your plea? (check one)
   (a) Not guilty (X)
   (b) Guilty ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: (Check one)
   (a) Jury (X)
   (b) Judge only ( )

7. Did you testify at the trial? Yes ( ) No ( )

8. Did you appeal from the judgment of conviction? Yes (X) No ( )

9. If you did appeal, answer the following:
   (a) Name of court **Court of Criminal Appeals**
   (b) Result **Denied CR-06-1704**
   (c) Date of result **22nd February 2008**
   If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details: **Writ denied Exparte Randy Allen Sasser 1070868 (Ala 6/13/08)**

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes (X) No ( )

11. If your answer to 10 was "yes", give the following information:
    (a)(1) Name of court **Houston County Circuit Court**
       (2) Nature of proceeding **Motion for Clarification of record**
       (3) Grounds raised **The indictment shows only TEN other Grand jurors indicted SASSER, not 12 or more as required by law to form TRUE BILL. Asking for federal law review and a federal question of law request from the circuit court proof of how many Grand jurors found SASSER on a TRUE BILL.**
       (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (X)
       (5) Result **Denied without explanation**
       (6) Date of result **2nd February 2009**
    (b) As to any second petition, application or motion give the same information:
       (1) Name of court **Criminal Court of Appeals**
       (2) Nature of proceeding **Appeal und. Abney v US, 431 US 651, 653 (1977)**
       (3) Grounds raised **Circuit court lacked subject matter jurisdiction due to not finding of a TRUE BILL by 12 or more Grand jurors. Exparte James 813 S0 2d 841 (Ala 2001) Therefore lacking jurisdiction to try or convict SASSER.**
       (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (X)
       (5) Result **Dismissed nonappealable order**
       (6) Date of result **3rd April 2009**

(c) As to any third petition, application or motion, give the same information: **No estoppal effect**
   (1) Name of Court _____
   (2) Nature of proceeding _____

   (3) Grounds raised _____
   _____
   _____
   _____
   _____
   _____
   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )
   (5) Result _____
   (6) Date of result _____
(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
   (1) First petition, etc.        Yes (X)  No ( )
   (2) Second petition, etc.       Yes ( )  No (X)
   (3) Third petition, etc.        Yes ( )  No ( )
(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: **SASSER was not informed by his Attorney, nor did his Attorney appeal the Direct Appeal to the US Supreme Court and 90 days had passed before he knew he could have done so.**
**Motion dismissed as UNAPPEALABE creating an ESTOPPEL to any proceeding.**

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

   For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

   If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: **Does Miranda v Arizona, 384 US 436 (1966) exist in every arrest situation?**
Supporting FACTS (tell your story briefly without citing cases or law): **SASSER was not read his rights when in open court where he was approached by Deputy officer Ladon JOYNER. His testimony proves he had a history of Arresting persons without notifying them of their rights to Remain silent. He conflicts his own statements by claiming he sat with SASSER and told him he was under arrest and while filling out an arrest report (R21:9-19). Then on cross he stated that he did not know where SASSER was while filling out the arrest report (R30:23-25)(R32:15-17) JOYNER knew where SASSER was. He talked to him on a land phone number.**

B. Ground two: **Did the State Courts error in the federal Question of Arrest, Custody, Escape and Grand Jury rights?**
Supporting FACTS (tell your story briefly without citing cases or law): **Conflicting Laws require that if that type of law was ~~arrested~~ decided in the US Supreme Court or Federal Court then they are Superior and overruling in State Courts.**

C. Ground three: **What is the correct definition of custody, restraint, Liberty, arrest as defined by law?**
Supporting FACTS (tell your story briefly without citing cases or law): **The state is circumventing the definition of legal terms in order to win their case at hand.**

D. Ground four: **Were there enough Grand Jurors to indict SASSER?**
Supporting FACTS (tell your story briefly without citing cases of law): **A clerical error and a messy apparant TRUE BILL only shows 10 other Grand Jurors indicted SASSER not 12 as declared by law. Why did not the trial court and Appellant Courts want SASSER to know how many actual votes there were?**

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: **The form relied on by the court to convict SASSER were all white-outed and written over to change the data. No initials on the forms to show that SASSER had agreed to such altered form. What does the law say about altering a form used by the Government? Not allowed unless agreed to on the changes by all parties.**

    **Why did the Defense Counsel not use the other form of escape not in Title 13A, but in other titles of the Code of Alabama 1975.**

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No (X)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing _____
    
    (b) At arraignment and plea _____

(c) At trial _____

(d) At sentencing _____

(e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ( )  No (X)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ( )  No (X)
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) And give date and length of sentence to be served in the future: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ( )  No ( )

   Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare ( or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _10th June 2009_.
                                                    (date)

_Randy Sasser_
Signature of Petitioner

# Ground (1) ONE:

Does **Miranda V Arizona, 384 US 436 (1966)** exist in every arrest situation?

For an answer let us review the Georgetown Law Journal's 33rd Annual Review of Criminal Procedures (2004) and starting on page 155. (Geo. L.J. page # and note #) Is there a similar situation to that of **SASSER'S**? What is custody? Miranda warnings must be given only when a subject is both in custody and subjected to State interrogation. **Illinois V Perkins** 446 U.S. 292, 297 (1990) ("It is the premise of Miranda that the danger of coercion results from the interaction of custody and official interrogation.") The Court in Perkins reasoned that custody and interrogation "may create mutually reinforcing pressures" that could overhear the suspects will. Id at 297 (Geo. L.J. p55, n521)

Sasser was in a courtroom with his counsel and waiting to answer the charges on three bad checks. Deputy Ladon JOYNER accordingly, to the established laws on arrest did not have custody of SASSER, nor was there any type of seizure or arrest for Fourth Amendment purposes. **Miranda, 384 U.S. at 444; Stansbury V California, 511 U.S. 318, 322 (1994)** (per curium) (the ultimate inquiry is "whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." (quoting **Berkemer V McCarty, 468 U.S. 420, 442 (1984)**)); (Geo. L.J. p155, n524).

The determination of custody or arrest like that of SASSER'S was observed in **Stansbury, 511 U.S. at 323** (per curium). "Nevertheless, the subjective views of the officer are relevant if conveyed to the suspect or if used for the limited purpose of testing the truthfulness of a police officer's account of the incident." Id at 325. (Geo. L.J. p155, 156, n525) If SASSER was under arrest then why did JOYNER lose his arrest by just going into another room? Simply put there was no restraint on SASSER"S freedom of movement to suggest an official arrest.

Let us look at a few decisions that mimic the situation in the courtroom and even the later phone calls by JOYNER to SASSER. **Cruz V Miller, 255 f 3d 77, 86(2nd Cir 2001)** (no custody during sidewalk questioning because it occurred on a public street and suspect was not handcuffed.) **US V White, 270 f 3d 356, 366 (6th Cir 2001)** (no custody when Defendant consented to be interviewed in home by Law Enforcement officials, was not handcuffed or restrained, and had complete freedom of movement.) (Geo. L.J. p156, n526)

Did the Alabama Courts determine by the "totality of the circumstances" that SASSER was under arrest or in custody and does any official arrest warrant for that day the 25th of July, 2006 as witnessed by his former counsel the Honorable Clay WADSWORTH? NO!! In fact, the arrest warrants were not executed until September 22nd, 2006. The fact that JOYNER knew SASSER was home and using a "land" phone to communicate with SASSER makes one wonder why did JOYNER just not go to SASSER'S home and arrest him on that spot. See **California V Beheler,** 463 U.S. 1121, 1125 (1983)(A miranda warning is not required when defendant, not parolee or under arrest, voluntarily accompanied police at station, talked to police for 30 minutes, and was permitted to leave.) (Geo. L.J. p156, n528) If JOYNER did tell SASSER he was under arrest then he was required to give Miranda warning prior to talking to the arrestee, SASSER.

**Devier V Zant**, 3 F 3d 1445,1458 (11th Cir 1993)(per curiam)(Miranda warnings not required when defendant questioned at home without making inculpatory statements and then volunteered to continue questioning at station.) (Geo L.J. p157, n528) Without restraint, or physical arrest and custody no Miranda warning is required. However, if a person is told he is under arrest then the Miranda warning is required. See **Orozco V Texas**, 394 U.S. 324,325-26 (1969), **US V Madoch**, 149 F 3d 596, 600-01 (7th Cir 1998), **US V Griffin**, 922 F 2d 1343, 1346 (8th Cir 1990) (Geo. L.J. p156-157, n524 4)

SASSER bears the burden of proving custody, arrest or restraint on freedom of movement, not the State. The State had shifted the BURDEN of PROOF that **US V Chariles**, 738 F 2d 686, 692 (5th Cir 1984), overruled on other grounds, **US V Bengivenga**, 845 F 2d 593 (5th Cir 1988) had established long prior to SASSER'S alleged ESCAPE. (Geo. L.J. p157, n529) SASSER was not in custody or restrained from freedom of movement and not given a Miranda warning. Therefore, SASSER, by pre-established Federal law was not under arrest and therefore, could have not ESCAPED from any such ARREST or CUSTODY. If JOYNER told SASSER that he was under ARREST and then did not mirandize SASSER then JOYNER himself has violated the duties of his office and had testified in OPEN COURT that he had done so many times before SASSER'S case.

The US Supreme Court ruled in **Berkemer**, 468 U.S, at 429, 442 that "these statements admissible because the officer's actions would not cause a reasonable person to believe that he was in custody." (Geo. L.J. p158, n530) SASSER believed he was not under ARREST. The Miranda warning is required and its protection extends only to those persons who, while in custody are interrogated by persons the suspect knows are acting on behalf of the State. See **Perkins**, 496 U.S. at 296 (Geo. L.J. p159, n534) In **Rhode Island V Innis**, 446 U.S. 291, 300-01 (1980), the US Supreme Court noted that and defined that the " express questioning or its functional equivalent of interrogation" by a State office requires Miranda warning while a person not acting under the color of Law does not require the Miranda warning. **US V Adams**, 1 F 3d 1566, 1575 (11th Cir 1993)(functional equivalent of interrogation to question suspect [in courtroom with counsel present on outstanding warrants for purpose of arresting SASSER]). (Geo. L.J. p154, n536)

### Conclusion to Ground (1) ONE.

SASSER has proven that if JOYNER had told him that he was under arrest then SASSER'S Fourth Amendment of SEIZURE was violated when he was not given the Miranda warning.

### Ground (2) TWO:

Did the State Courts error in the "Federal Question of Arrest, Custody Escape and Grand Jury Rights"?

The Alabama Constitution of 1901 has many Articles in it. But foremost is the "Declaration of Rights" of Article I. These 36 of the Constitution embody the rights of every citizen and founded on the US Constitution and its full Amendments. The US Constitution is applicable to the States by the (14) Fourteenth Amendment.

The Fourteenth Amendment of the US Constitution contains that when a person is arrested then his Fourth Amendment rights must be protected.

JOYNER was acting under the Color of Law as a Deputy for the State of Alabama and is therefore not shielded by the Fourth Amendment.

The Alabama Courts rejected the US Supreme Court decision in **California V Hodari D.**, 449 U.S. 621, 625-26 (1991)(Geo. L.J. p10-13) states that "[t]he Fourth Amendment also protects against unreasonable government seizures of persons and property. Seizure of a person occurs only if 'in view of all of the circumstances surrounding the incident', a person reasonably believes he or she is not 'free to leave' an encounter with a government official. An encounter with an officer does not constitute a seizure unless the officer restrains the individual's liberty by means of physical force or show of authority to which the individual submits".

The State argued that SASSER had submitted to the arrest. If this was so then why did JOYNER leave his arrestee and therefore showing SASSER he was "free to leave?"

In **Hodari D.**, 499 U.S. at 624-27 the Supreme Court noted that, "[b]ecause the officer did not use physical force and because the defendant did not submit to the officer's show of authority, there was no seizure." (Geo. L.J. p13, n21) SASSER'S person was not seized under Fourth Amendment meaning. Therefore, no arrest, no custody and no escape had occurred. The State won their case by deception to the jury of applied Federal and US Supreme Court Supremacy. The Alabama Constitution of 1901 gives each citizen protection of the US Constitution's Fifth Amendment finding of a "true bill" indictment by at least (12) twelve citizens of his jurisdiction. Even the Alabama Rules of Criminal Procedures and the Code of Alabama 1975 has protections of a "true bill" indictment. According to the indictment itself, the Grand Jury foreman and (10) ten other Grand Jury members found the "true bill". But the law says it must be at least (12) twelve Grand Jurors. See **State V Sasser** Grand Jury No. 103, **Exparte James**, 813 So. 2d 841 (Ala 2001), Ala Code 1975, 12-16-200, Rule 12.8, Ala. R. Crim. Proc., **Sasser V State**, CC-06-1635, 10( Houston County Circuit Court 2/02/2009) (**Sasser V State**, CR-080952 (Ala Crim App 04/03/2009) Therefore NO "true bill" was found and SASSER was denied "in camera inspection" to prove his meritous Constitutional issue. The Criminal Court of Appeals has also created an estoppal to his Constitutional right by declaring it was an unappealable issue, even under **Abney V US**, 431 U.S. 651, 651 (1977). See **Sasser V State,** CR-08-0952 (Ala Crim App March 2009) fourth paragraph states, "[t] he authority of this 'ABNEY APPEAL' comes from the US Supreme Court decision in **Abney V US**, 431 U.S. 651, 653 (1977).

The "collateral order doctrine, allows appeal from a judgement that 1) conclusively determines the disputed issue, 2) is completely separate from the issue of the petitioner/appellant[']s guilt, 3) is effectively unreviewable from a final judgement.'"

1) The disputed issue was how many Grand Jurors founded the true bill and was there a total of least (12) twelve to find the true bill.

2) The issue was his Constitutional due process of the law right and was well founded in State law at its highest level prior to his alleged offense.

3) Counsel neglect to omit this ground produced that could have resulted in a different outcome, but became unreviewable on direct appeal due to omission by counsel without reason.

Ineffective assistance of counsel throughout each stage of the proceedings had prejudices and formed bias on the case at hand. Why did not counsel argue well founded Alabama Supreme Court or Federal law in favor of his counsel?

## Ground (3) THREE:

What is the correct definition of CUSTODY, RESTRAINT and ARREST as defined by law?

The State is circumventing the definition of the legal terms in order to win their case at hand. As in SASSER'S case how does the State and Federal Courts define those terms as applied to the Escape 3rd degree charge? The plaintiff SASSER asks this HONORABLE COURT their certified opinion. Ala Code 1975, 13-5-60, et.sey. How can a Statute defining a crime or offense as both a misdemeanor and/or a felony be only broken down to only (3) three statutes that were originally (12) twelve statutes. For more detail see, Ground (6) six under issues not previously presented to the State courts.

## Ground (4) FOUR:

Was there enough Grand Jurors to indict SASSER?

A clerical and a messy apparent "true bill" only shows (10) ten other Grand Jurors indicted SASSER, not (12) twelve as declared by law. Why did not the trial court and appellant courts want SASSER to know how many actual votes there was? See CC-06-1635.01 and CR-08-0952. The document is smudged and to clarify this issue the plaintiff, SASSER presented to the Houston County Circuit Court a copy of the indictment along with **Exparte James**, 813 So. 2d 841 (Ala 2001), (Ala Code 1975, 12-16-200 on GJ-2006-103 along with In re: Grand Jury Testimony, 832 F 2d 60 (5th Cir 1987) (Court may offer release of Grand Jury materials if party demonstrates compelling necessity for materials with particularity.) SASSER only asked for the vote, he did not request any testimony that would jeopardize any confidential issues. The State smudged the document. That is governmental not only in this issue but for others as well. See Ground (5) Five for details on this issue.

## Ground (5) FIVE:

This ground was not previously put in State court because the time to file this 42 US C 2254 was too close for a decision and would be more than one year past the finality of SASSER'S direct appeal. CR-06-1704, which was finalized the 13th day of June 2008. 1070868. This statement applies to Ground (6) Six as well.

### Argument:

The forms relied on by the court to convict SASSER were all white-outed and written over to change the date. No initial on the forms to show SASSER had agreed to such altered form. What does the law say about altering a form used by the government? Not allowed unless agreed to on the change by all parties. Did the whom signed the warrant and the Grand Jury's "true bill" agree to the changes and did the defense counsel elect not to question his "home boy's" reason to change the forms?

## Ground (6) SIX:

Why did the defense counsel not use the other forms of ESCAPE not in Title 13A, Ala Code 1975 that are in other Titles of Ala Code 1975?

SASSER will now demonstrate that <u>Ala Code. 1975, 13-05-60, et.seq</u> provides (12) twelve separate statutes for ESCAPE. 13-5-60 to 13-5-71 respectfully and can be found in the commentary notes for <u>Ala Code. 1975, 13A-10-31</u> through <u>13A-10-33</u> respectfully. Title 13A, Ala Code. 1975 is entitled Criminal Code but other statutes carry penalties that do not fully under the Habitual Felony Offender Act (HFOA) which can only be used in the <u>Ala Code 1975, 13A</u> Title. Do these other statutes provide similar facts to SASSER'S case? <u>YES!!</u> In fact proven so even the Alabama Supreme Court as in the case of **Conner V State**, 840 So. 2D 950 (Ala 2002). Do these other cases define the essential elements of CUSTODY, RESTRAINT, and/or ARREST? <u>Yes!!</u> Are these precedent case law under <u>Rule 15, Alabama Rules of Appellant Procedure</u> (Ala. R. App. Proc)? <u>Yes!!</u> Were they used by the courts under RULE 15? <u>No!!</u>

So the plaintiff, SASSER has now provided this HONORABLE COURT with a question of PLAIN ERROR. Or does the Law of Alabama change so much that the legislature no longer exists as Law Makers of the State.

Misdemeanor: Ala Code 1975, 14-8-41, et.seq.
Arrestee Fleeing: Ala Code 1975, 15-10-9.
SIR Escape: Ala Code 1975, 15-18-121.
Community Corrections: Ala Code 1975, 15-18-175 (d) (3) e..

How about these prior cases decided in Alabama courts?

**Terrell V State**, 621 So. 2d 402 (Ala Crim App 1993)
**Hammons V State**, 206 So. 2d 924 (Ala Crim App 1968)
**Exparte Behel**, 397 So. 2d 163 (Ala Crim App 1981)
**Exparte Talley**, 547 So. 2d 1191 (Ala Crim App 1989)
**Webb V State**, 539 So. 2d 343, 346-47 (Ala Crim App 1987)
**Hunter V State**, 867 So. 2d 361 (Ala Crim App 2003)

How can Ala Code 1975, 13A-10-33 be called a "CATCH-ALL" statute and applies to all escapes (**Abernathy V State**, 462 So. 2d 960 (Ala Crim App 1984)), when not all escapes are considered to be a felony itself. Does the law no longer require that in order for a defendant to be convicted of felony escape, he must have been first adjudicated a felony offender prior to the escape, otherwise the escape is a "breach of trust escape". Now Ala Code 1975, 14-8-42, former 12-5-64 and 13-5-65 and 13-5-68 and 13-5-70 and 13-5-71 as cited in the commentary notes of Ala Code 1975, 13A-10-31, et seq. (Michie 2006) In **Gibson V State**, 676 So. 2d 956 (Ala Crim App 1995) the court held that,"[t]he defendant's arrest was complete when the detective grabbed his wrist and informed him that he was under arrest; therefore, the defendant was in custody when fled". "The term 'CUSTODY' has a broader meaning when applied to the charge of 3rd degree escape in contrast to 1st degree escape." Also see **Hunter, Supra** where it proves that in order to be guilty of 3rd degree escape you must be charged with another offense that is a felony Rule 3.1, Ala. R. Cri. P.otherwise it is only a misdemeanor escape. The Circuit Court of Houston County therefore, "ABUSED ITS DISCRETIONS" by charging SASSER with felony escape. **Hunter** also shows that, "[u]nder Ala Code [1975] 13a-10-30 (b)(1), defendants arrest was complete when the officer grabbed his wrists, informed him he was under arrest and began to place handcuffs on his wrists. Therefore, he was in custody when he fled." His original charge of 3rd degree assault, a misdemeanor charge was modified to the charge of 2nd degree assault, a felony charge due to the use of a weapon to wit: a ballpoint pen and attempt to "jab" the victim in the eye. Thus the magistrate had probable cause under Rule 4.3 (a)(2), Ala. R. Crim. Proc. To change the misdemeanor escape Ala Code 1975, 14-8-42 to that of a felony under Ala Code 1975, 13A-10-33. SASSER'S counsel correctly therefore argued based on the citing within **Hunter, Supra**, but the counsel forgot to look at the underling charge that was associated with and cause for the escape. The arrest warrants were for misdemeanor offenses not felony and the arrest warrants were never properly executed under the Laws of the State of Alabama, or any Federal Law. Altered governmental documents are thus null and voided and only can be used to show why the replacement documents are needed to validate any lawful act. Therefore, SASSER asks this HONORABLE COURT to help settle this matter in his favor and to issue an order for Alabama to correctly administer its own laws as pre-established by present law, not to

make up the law as it goes or try to supercede the authority of the Federal Courts and the Laws of the Land of the US Constitution's Supremacy Law USCA, Art I, 8,c Li.. As defined by precedent Alabama law Rule 15, Ala. R. App. Proc. must be now invoked and the finding that SASSER did not escape and was free to leave the HOUSTON COUNTY COURTHOUSE or anywhere else on his own free will.

SASSER now respectfully submit and present this 2254 to this Honorable Court, this the /0 ᵗʰ day of June, 2009.

                                       Randy Allen SASSER
                                       152825; G2 40A E.C.F.
                                       200 Wallace Drive
                                       Clio, Alabama 36017-2615

## NOTARY SERVICE

Sworn and subscribed before me this the /0 ᵗʰ day of June, 2009.

3-10-2012                         [signature]
My Commission expires         Notary at large

## CERTIFICATE OF SERVICE

I hereby certify that I am the Plaintiff, Randy Allen SASSER # 152825 and that I am serving (2) two notarized copies of this 2254 to the Honorable Clerk of Court for the US District Court for the Middle District of Alabama, and instruct this Honorable Clerk to file the same with (1) one notarized copy for the Attorney General's office and addressed to the Honorable Assistant Attorney General, Laura M IRBY as counsel of Record for this cause.

Respectfully submitted and mailed postage pre-paid on this the /0ᵗʰ day of June, 2009.

                                       Randy Allen SASSER
                                       151825: G2: 40A; ECF
                                       200 Wallace Drive
                                       Clio, Alabama 36017-2615

Kandy Allen Sasser
151825 G2 40A
Easterling Correctional Facility
200 Wallace Road
Clio, Alabama 36017



Clerk of the US District Court
PO Box 711
Montgomery, Alabama 36101